■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRIN JOHNSON, Appellant. [855 NYS2d 912]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered February 15, 2005, convicting him of

criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which she moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Lynn W. L. Fahey is relieved as counsel for the defendant and is directed to turn over all papers in her possession to new counsel assigned herein; and it is further,

Ordered that David Rich, 175 Main Street, Suite 711-2, White Plains, N.Y., 10601, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the certified transcript of the proceedings, including the proceedings of February 20, 2004, to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order on motion of this Court, the defendant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon the defendant's supplemental pro se brief and this Court's independent review of the record, including the minutes of the proceedings of February 20, 2004, and the record of the defendant's previous incarceration, we conclude that potentially nonfrivolous issues exist, including, but not limited to, whether the defendant's guilty plea was knowingly entered and whether the defendant was deprived of his right to the effective assistance of counsel with respect to the plea. Accordingly, the assignment of new counsel is warranted (*see People v Stokes*, 95 NY2d 633, 638 [2001]; *People v Baskerville*, 47 AD3d 722 [2008]). Prudenti, P.J., Fisher, Miller and Balkin, JJ., concur.