THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE DAVIS, Appellant. [968 NYS2d 401]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Toomey, Jr., J.), rendered March 5, 2012, convicting him of attempted burglary in the third degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Robert C. Mitchell for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Steven A. Feldman, Esq., 626 RXR Plaza, West Tower, 6th Floor, Uniondale, N.Y. 11556 is assigned as counsel to perfect the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcripts of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and

order and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated June 21, 2012, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's counsel pursuant to *Anders v California* (386 US 738 [1967]) is deficient because it does not contain an adequate statement of facts and fails to analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (*see People v Singleton*, 101 AD3d 909, 910 [2012]; *People v Ovalle*, 99 AD3d 1023, 1024 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]). Since the brief does not demonstrate that assigned counsel acted "as an active advocate on behalf of his . . . client" (*Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 255 [internal quotation marks omitted]) or that he diligently examined the record, we must assign new counsel to represent the appellant (*see People v Singleton*, 101 AD3d at 910; *People v Ovalle*, 99 AD3d at 1024; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258). Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur.