■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIJAHWON MCNAIR, Appellant. [971 NYS2d 889]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered August 25, 2011, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of John P. Savoca for leave to withdraw as counsel for the appellant is granted, and he is

directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,

Ordered that Del Atwell, Esq., 39 5th Street, East Hampton, N.Y., 11937, is assigned as counsel to prosecute the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated November 21, 2011, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's counsel pursuant to *Anders v California* (386 US 738 [1967]) was deficient. The body of the brief—which was only 1½ pages in length—did not contain a statement of facts, and did not contain any case citations. The brief failed to analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (*see People v Singleton*, 101 AD3d 909, 910 [2012]; *People v Ovalle*, 99 AD3d 1023, 1024 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]). Since the brief does not demonstrate that assigned counsel acted "as an active advocate on behalf of his . . . client" (*Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 256 [internal quotation marks omitted]) or that he diligently examined the record, we must assign new counsel to represent the appellant (*see People v Singleton*, 101 AD3d at 910; *People v Ovalle*, 99 AD3d at 1024; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258). Dillon, J.P., Leventhal, Chambers and Miller, JJ., concur.