■ The People of the State of New York, Respondent, v David Hardman, Appellant. [972 NYS2d 687]—Appeals by the defendant from three judgments of the Supreme Court, Kings County (Chun, J.), all rendered May 13, 2009, convicting him of criminal sale of a controlled substance in the third degree under

Kings County indictment No. 3888/06, criminal sale of a firearm in the third degree under Kings County indictment No. 5543/06, and manslaughter in the first degree under Kings County indictment No. 448/07, respectively, upon his pleas of guilty, and imposing sentences. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Martin Geoffrey Goldberg for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Craig S. Leeds, Esq., 350 Fifth Avenue, Suite 5901, New York, N.Y., 10118, is assigned as counsel to perfect the appeals; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed; by prior decision and order on motion of this Court, the defendant was granted leave to prosecute the appeals as a poor person, with the appeals to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that there are nonfrivolous issues in this case, including, but not necessarily limited to, the propriety of the suppression ruling under indictment No. 448/07. Accordingly, assignment of new counsel is warranted (*see People v Salgado*, 103 AD3d 819 [2013]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]). Mastro, J.P., Balkin, Hall and Austin, JJ., concur.