Appeal by the defendant from a judgment of the County Court, Westchester County (Zuckerman, J.), rendered May 7, 2013, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), in which she moves for leave to withdraw as counsel for the appellant.
Ordered that the motion of Evelyn K. Isaac for leave to withdraw as counsel is granted, and she is directed to turn over all papers in her possession to new counsel assigned herein; and it is further,
Ordered that Clinton W Calhoun, Esq., 81 Main Street, Suite 450, White Plains, N.Y., 10601, is assigned as counsel to perfect the appeal; and it is further,
Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,
Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated August 30, 2013, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.
The brief submitted by the appellant’s counsel pursuant to Anders v California (386 US 738 [1967]) is deficient because it fails to analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (see People v McNair, 110 AD3d 742 [2013]; People v Singleton, 101 AD3d 909, 910 [2012]; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 256 [2011]). Rather, the brief merely states, in conclusory fashion, that counsel could “find no issue of fact, law or matter of discretion for this Court to review” and that the sentence *876 was not excessive. Since the brief does not demonstrate that assigned counsel fulfilled her obligations under Anders v California (386 US 738 [1967]), we must assign new counsel to represent the appellant (see People v McNair, 110 AD3d 742 [2013]; People v Singleton, 101 AD3d at 910; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). Skelos, J.E, Lott, Roman and Miller, JJ., concur.