Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered December 10, 2010, convicting him of criminal contempt in the first degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.
Ordered that the motion of Robert C. Mitchell for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant’s new counsel assigned herein; and it is further,
Ordered that Mark Diamond, EO. Box 287356, Yorkville Station, New York, N.Y., 10128 is assigned as counsel to prosecute the appeal; and it is further,
Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant’s new assigned counsel; and it is further,
Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated May 16, 2011, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.
The brief submitted by the appellant’s counsel pursuant to Anders v California (386 US 738 [1967]) is deficient because it fails to contain an adequate statement of facts and fails to analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (see People v Mc *883 Nair, 110 AD3d 742 [2013]; People v Singleton, 101 AD3d 909, 910 [2012]; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 256 [2011]). The brief does not provide any detail regarding the County Court’s inquiries or the defendant’s responses at the plea proceeding, and does not identify the basis for counsel’s conclusory statement that the defendant “entered a voluntary plea of guilty” (see People v Sedita, 113 AD3d 638 [2014]). In addition, the statement of facts does not provide any detail regarding the defendant’s factual admissions as to the crime charged (see id.). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the appellant (see People v McNair, 110 AD3d 742 [2013]; People v Singleton, 101 AD3d at 910; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). Mastro, J.E, Hall, Austin and Sgroi, JJ., concur.