Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Warhit, J.), rendered March 5, 2013, convicting him of burglary in the first degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), in which she moves for leave to withdraw as counsel for the appellant.
*883 Ordered that the motion of Janet A. Gandolfo for leave to withdraw as counsel is granted, and she is directed to turn over all papers in her possession to new counsel assigned herein; and it is further,
Ordered that Lisa H. Blitman, Esq., 225 Broadway, Suite 1203, New York, N.Y. 10007, is assigned as counsel to perfect the appeal; and it is further,
Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,
Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated July 5, 2013, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.
The brief submitted by the appellant’s counsel pursuant to Anders v California (386 US 738 [1967]) was deficient because it failed to contain an adequate statement of facts and failed to analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (see People v McNair, 110 AD3d 742, 743 [2013]; People v Singleton, 101 AD3d 909, 910 [2012]; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 256 [2011]). Specifically, the statement of facts did not review, in any detail, the Supreme Court’s advisements to the defendant regarding the rights he was waiving, the inquiries made of the defendant to ensure that the plea was knowing and voluntary, or the defendant’s responses to any of those advisements and inquiries (see People v Sedita, 113 AD3d 638, 639-640 [2014]). Nor did it provide any detail regarding the defendant’s factual admissions as to the crime charged (see id.). The brief also contained a factual error as to the sentence that was promised to the defendant as part of his plea bargain. Since the brief does not demonstrate that assigned counsel fulfilled her obligations under Anders v California, we must assign new counsel to represent the appellant (see People v McNair, 110 AD3d at 743; People v Singleton, 101 AD3d at 910; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
Skelos, J.E, Leventhal, Cohen and LaSalle, JJ., concur.