■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK WOODS, Appellant. [1 NYS3d 386]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered January 10, 2013, convicting him of rape in the third degree, sexual misconduct, endangering the welfare of a child (two counts), and sexual abuse in the third degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Robert C. Mitchell for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Carol E. Castillo, P.O. Box 146, East Setauket, N.Y., 11733, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order and the respondent shall file its brief within 30 days after the brief on behalf of the appellant is served and filed. By decision and order on motion of this Court dated June 7, 2013, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's counsel pursuant to *Anders v California* (386 US 738 [1967]) is deficient because it fails to analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (*see People v McNair*, 110 AD3d 742, 743 [2013]; *People v Singleton*, 101 AD3d 909, 910 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]). Moreover, the brief contains no relevant citations to legal authority (*see People v Sedita*, 113 AD3d 638, 640 [2014]; *People v McNair*, 110 AD3d at 743). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under *Anders v California*, we must assign new counsel to represent the appellant (*see People v McNair*, 110 AD3d at 743; *People v Singleton*, 101 AD3d at 910; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258). Mastro, J.P., Austin, Maltese and Barros, JJ., concur.