■ The People of the State of New York, Respondent, v Milton W. Carlos, Appellant. [2 NYS3d 910]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered April 3, 2012,

convicting him of criminal possession of a forged instrument in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Gary E. Eisenberg for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,

Ordered that John P. Savoca, Esq., P.O. Box 531, Yorktown Heights, N.Y. 10598, is assigned as counsel to prosecute the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated January 31, 2013, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's counsel pursuant to *Anders v California* (386 US 738 [1967]), was deficient because it failed to analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (*see People v McNair*, 110 AD3d 742 [2013]; *People v Singleton*, 101 AD3d 909, 910 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]). Assigned counsel failed to draw the Court's attention to any "significant objections, applications, or motions" regarding the hearing on the defendant's pretrial suppression motion (*Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258). Since the brief did not demonstrate that assigned counsel fulfilled his obligations under *Anders v California*, we must assign new counsel to represent the appellant (*see People v McNair*, 110 AD3d at 743; *People v Singleton*, 101 AD3d at 910; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258).

Moreover, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the purported waiver of the defendant's right to appeal was valid (*see generally People v*

*Brown*, 122 AD3d 133, 144-145 [2014]; *People v Nugent*, 109 AD3d 625 [2013]; *People v Edmunson*, 109 AD3d 621 [2013]; *People v Gil*, 109 AD3d 484 [2013]), and whether the County Court properly denied the defendant's pretrial suppression motion (*see People v Frazier*, 124 AD3d 909 [2015]; *People v Taylor*, 92 AD3d 961, 961-962 [2012]; *People v Elpenord*, 24 AD3d 465, 467 [2005]). Dillon, J.P., Chambers, Austin and LaSalle, JJ., concur.