■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD BENNETT, Appellant. [23 NYS3d 380]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered June 23, 2011, convicting him of attempted burglary in the second degree and burglary in the third degree (two counts), upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Jason M. Bernheimer for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,

Ordered that Arza R. Feldman, Esq., 626 RXR Plaza, West Tower, 6th Floor, Uniondale, NY, 11556, is assigned as counsel to prosecute the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and

order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated February 6, 2014, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's counsel pursuant to *Anders v California* (386 US 738 [1967]) is deficient because it fails to analyze potential appellate issues and fails to highlight facts in the record that might arguably support the appeal (*see People v Emrich*, 114 AD3d 872, 873 [2014]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]). Since the brief does not demonstrate that assigned counsel has fulfilled his obligations under *Anders v California* (386 US 738 [1967]), we must assign new counsel to represent the appellant (*see People v Emrich*, 114 AD3d at 873; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 256). Balkin, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.