■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUAHSYM PARKER, Appellant. [23 NYS3d 393]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered June 11, 2013, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which she moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Yasmin Daley Duncan for leave to withdraw as counsel for the appellant is granted, and she is directed to turn over all papers in her possession to the appellant's new counsel assigned herein; and it is further,

Ordered that Steven A. Feldman, Esq., 626 RXR Plaza, West Tower, 6th Floor, Uniondale, NY, 11556, is assigned as counsel to prosecute the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant or, if counsel be so advised, counsel may withdraw the brief he previously filed on a related appeal pending under Appellate Division docket No. 2014-00017 and file a single combined brief covering any and all issues to be raised on both appeals, within 90 days of the date of this decision and order on motion. The respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed; in the event that counsel for the appellant files a single combined brief covering this appeal and the related appeal pending under Appellate Division docket No. 2014-00017, then the respondent may, if so advised, withdraw its previously filed brief on the related appeal and file a single combined brief covering both appeals. By prior decision and order on motion of this Court dated September 13, 2013, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

There are two steps to this Court's review of an attorney's motion to be relieved pursuant to *Anders v California* (386 US 738 [1967]). First, "the Court 'must satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal' " (*Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 255 [2011], quoting *Penson v Ohio*, 488 US 75, 83 [1988] [emphasis omitted]). "If the Court is satisfied . . . that counsel diligently examined the case on the indigent appellant's behalf, the next step in the Court's review is to determine, based upon an independent review of the record, whether counsel's assessment that there are no nonfrivolous issues for appeal is correct" (*Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258). "In analyzing whether nonfrivolous appellate issues exist, it is essential to appreciate the distinction between a

potential appellate argument that is merely meritless or unlikely to prevail and one that is frivolous" (*id.*). The question "to be answered by this Court in every *Anders* case is only whether 'the appeal lacks any basis in law or fact' " (*id.* at 259, quoting *McCoy v Court of Appeals of Wis., Dist. 1*, 486 US 429, 439 n 10 [1988]).

Here, the *Anders* brief submitted by the appellant's counsel is deficient because it fails to analyze potential appellate issues and fails to highlight facts in the record that might arguably support the appeal (*see People v Emrich*, 114 AD3d 872, 873 [2014]; *People v McNair*, 110 AD3d 742, 743 [2013]; *People v Singleton*, 101 AD3d 909, 910 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 256). Since the brief does not demonstrate that assigned counsel has fulfilled her obligations under *Anders*, we must assign new counsel to represent the appellant (*see People v Emrich*, 114 AD3d at 873; *People v McNair*, 110 AD3d at 743; *People v Singleton*, 101 AD3d at 910; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 256).

Moreover, upon our independent review of the record, we conclude that there are nonfrivolous issues in this case, including, but not necessarily limited to, whether those branches of the defendant's omnibus motion which were to suppress physical evidence were properly denied (*see People v Dudley*, 133 AD3d 682 [2015]; *People v Laviscount*, 116 AD3d 976 [2014]), whether the defendant's plea allocution was sufficient (*see People v Barrett*, 98 AD3d 628 [2012]), and whether the defendant's sentence was illegal in light of the imposition of a civil forfeiture of assets (*see People v Carmichael*, 123 AD3d 1053 [2014]). Accordingly, the assignment of new counsel is warranted (*see People v Stokes*, 95 NY2d 633 [2001]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]). Leventhal, J.P., Chambers, Sgroi and Barros, JJ., concur.