■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE RIVERA, Appellant. [35 NYS3d 722]—Appeal by the defendant from a judgment of the County Court, Westchester County (Warhit, J.), rendered June 28, 2011, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]) in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Daniel V. Remer for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Mark Diamond, Esq., Box 287356, Yorkville Station, New York, NY, 10128, is assigned as counsel to prosecute the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated September 19, 2013, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's counsel pursuant to *Anders v California* (386 US 738 [1967]) is deficient because it fails to analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (*see People v Sedita*, 113 AD3d 638, 639-640 [2014]; *People v McNair*, 110 AD3d 742 [2013]; *People v Singleton*, 101 AD3d 909, 910 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under *Anders v California* (386 US 738 [1967]), we must assign new counsel to represent the appellant (*see People v Sedita*, 113 AD3d at 639-640; *People v McNair*,

110 AD3d 742 [2013]; *People v Singleton*, 101 AD3d at 910; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258).

Moreover, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the Supreme Court properly denied the defendant's suppression motion (*see generally People v Carlos*, 126 AD3d 911 [2015]; *People v Frazier*, 124 AD3d 909 [2015]; *People v Hardman*, 110 AD3d 917 [2013]), and whether the verdict was supported by the weight of the evidence (*see generally People v Danielson*, 9 NY3d 342 [2007]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Mastro, J.P., Cohen, Connolly and Brathwaite Nelson, JJ., concur.