■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES WATSON, Appellant. [39 NYS3d 823]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Adler, J.), rendered October 15, 2009, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Scott B. Tulman for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to the new counsel assigned herein; and it is further,

Ordered that Gary Eisenberg, Esq., 10 Esquire Road, Suite 10, New City, NY, 10956, is assigned as new counsel to prosecute the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated February 16, 2010, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal

to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's counsel pursuant to *Anders v California* (386 US 738 [1967]) is deficient because it fails to contain an adequate statement of facts, fails to adequately analyze potential appellate issues, and fails to highlight facts in the record that might arguably support the appeal (*see People v Swenson*, 130 AD3d 848, 849 [2015]; *People v Sedita*, 113 AD3d 638, 639-640 [2014]; *People v McNair*, 110 AD3d 742, 743 [2013]; *People v Singleton*, 101 AD3d 909, 910 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under *Anders v California*, we must assign new counsel to represent the defendant (*see People v Swenson*, 130 AD3d at 849; *People v Sedita*, 113 AD3d at 640; *People v McNair*, 110 AD3d at 743; *People v Singleton*, 101 AD3d at 910; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 256). Dillon, J.P., Hall, Sgroi, Miller and Brathwaite Nelson, JJ., concur.