■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY COOPER, Appellant. [52 NYS3d 674]—Appeal by the defendant from a resentence of the Supreme Court, Queens County (Buchter, J.), imposed August 20, 2012, upon his convictions of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, the resentence being a period of postrelease supervision in addition to the determinate term of imprisonment previously imposed on March 4, 2004. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Stephen L. Drummond for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Randall D. Unger, Esq., 42-40 Bell Boulevard, Suite 302, Bayside, New York, 11361-2861, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated July 1, 2013, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's counsel pursuant to *Anders v California* (386 US 738 [1967]) is deficient because it fails to contain an adequate statement of facts, fails to adequately analyze potential appellate issues, and fails to

highlight facts in the record that might arguably support the appeal (*see People v Watson*, 144 AD3d 713, 714 [2016]; *People v Bennett*, 135 AD3d 869, 870 [2016]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]). Since the brief does not demonstrate that assigned counsel has fulfilled his obligations under *Anders v California*, we must assign new counsel to represent the appellant (*see People v Watson*, 144 AD3d at 714; *People v Bennett*, 135 AD3d at 870; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 256). Rivera, J.P., Austin, Roman, Hinds-Radix and Connolly, JJ., concur.