■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN BIRD, Appellant. [59 NYS3d 431]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Sullivan, J.), rendered April 25, 2016, convicting him of robbery in the second degree and assault in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the *motion* of Thomas J. Butler for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to the new counsel assigned herein; and it is further,

Ordered that Mark Diamond, Esq., Box 287356, Yorkville Station, New York, NY, 10128, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated June 21, 2016, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

While we are satisfied with the sufficiency of the brief filed by assigned counsel, upon our independent review of the record, we conclude that there are nonfrivolous issues in this case, including, but not necessarily limited to, whether the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered, and whether the defendant was deprived of his right to the effective assistance of counsel with respect to the plea (*see People v Wolfolk*, 128 AD3d 991, 992 [2015]; *People v Johnson*, 51 AD3d 689, 690 [2008]), the propriety of the sup-

pression ruling (*see People v Carlos*, 126 AD3d 911 [2015]; *People v Frazier*, 124 AD3d 909 [2015]; *People v Hardman*, 110 AD3d 917 [2013]), and whether the sentence imposed upon the conviction of assault in the second degree was excessive (*see generally People v Suitte*, 90 AD2d 80 [1982]). Accordingly, assignment of new counsel is warranted (*see People v Stokes*, 95 NY2d 633, 638 [2001]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]). Dillon, J.P., Austin, Roman and Cohen, JJ., concur.