People v Gonzales (2019 NY Slip Op 06616)





People v Gonzales


2019 NY Slip Op 06616


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-0128
 (Ind. No. 2073/16)

[*1]The People of the State of New York, respondent,
v
Kayvon Gonzales, appellant.


Richard M. Langone, Mineola, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (W. Thomas Hughes and Rebecca L. Abensur of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Howard E. Sturim, J.), rendered December 5, 2017, convicting him of aggravated criminal contempt (two counts), criminal contempt in the first degree (three counts), assault in the third degree, criminal contempt in the second degree (two counts), and aggravated family offense (three counts), upon a jury verdict, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Richard M. Langone for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Stephen Mahler, 125-10 Queens Blvd., Suite 311, Kew Gardens, NY, 11415, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated April 6, 2018, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to file one original and five duplicate hard copies, and one digital copy, of their respective briefs, and to serve one hard copy on each other (see 22 NYCRR 1250.9[4]; [c][1]).
Upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the Supreme Court properly denied suppression of the defendant's statements to law enforcement officials (see People v Carlos, 126 AD3d 911), whether the court providently exercised its discretion in permitting the People to [*2]introduce evidence of the defendant's prior bad acts (see People v Vails, 43 NY2d 364, 368; People v Molineux, 168 NY 264, 293), whether the defendant received meaningful representation (see People v Taylor, 1 NY3d 174, 176; People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 146-147), and whether the verdict was supported by the weight of the evidence (see generally People v Danielson, 9 NY3d 342; People v Bleakly, 69 NY2d 490, 495). Accordingly, assignment of new counsel is warranted (see People v Stokes, 95 NY2d 633, 638; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252).
SCHEINKMAN, P.J., AUSTIN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court