People v Carfora (2020 NY Slip Op 03257)





People v Carfora


2020 NY Slip Op 03257


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2018-04463 ON MOTION

[*1]People of State of New York, respondent,
v
Richard Carfora, appellant.


Joseph A. Hanshe, Sayville, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated March 9, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Joseph A. Hanshe for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Steven A. Feldman, 1129 Northern Boulevard, Suite 404, Manhasset, NY, 11030, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated August 13, 2018, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to file one original and five duplicate hard copies, and one digital copy, of their respective briefs, and to serve one hard copy on each other (see 22 NYCRR 1250.9[a][4]; [c][1]).
The brief submitted by the appellant's counsel pursuant to Anders v California (386 US 738) is deficient because it fails to analyze potential appellate issues and highlight facts in the record that might arguably support the appeal (see People v Dimon, 164 AD3d 600, 601; People v Solomon, 162 AD3d 912, 913; People v Munoz, 161 AD3d 1011; People v McNair, 110 AD3d 742, 743). The brief, which contained a limited statement of the facts, failed to analyze whether any potential issues arose from the assessment of points on the risk assessment instruments and the [*2]appellant's subsequent designation as a level three sex offender. Counsel states a bare conclusion that, after reviewing any potential issues and case law, there are no meritorious issues on this appeal, without discussing the basis for this conclusion or citing any cases or legal authority in support thereof (see People v Gonzalez, 47 NY2d 606, 610-611; People v Murray, 169 AD3d 227, 232; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 258). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the defendant (see People v McNair, 110 AD3d at 743; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
SCHEINKMAN, P.J., BALKIN, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court