People v Persaud (2020 NY Slip Op 05940)





People v Persaud


2020 NY Slip Op 05940


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-00971 ON MOTION
 (Ind. No. 1728/16)

[*1]The People of the State of New York, respondent,
v
Mark Persaud, appellant.


Joseph A. Hanshe, Sayville, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley of counsel; Matthew C. Frankel on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Patricia Harrington, J.), rendered December 13, 2017, convicting him of burglary in the first degree, robbery in the fist degree, assault in the second degree, and unlawful imprisonment in the first degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Joseph A. Hanshe for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to the new counsel assigned herein; and it is further,
ORDERED that Bruce R. Bekritsky, 1551 Kellum Place, Mineola, NY, 11501, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated February 26, 2018, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to file one original and five duplicate hard copies, and one digital copy, of their respective briefs, and to serve one hard copy on each other (see 22 NYCRR 1250.9[a][4]; [c][1]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (376 US 738), this Court must first "'satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" [*2](Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255, quoting Penson v Ohio, 488 US 75, 83). As this Court explained in Matter of Giovanni S. (Jasmin A.), "counsel must, at a minimum, draw the Court's attention to the relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
The brief submitted by the appellant's counsel pursuant to Anders v California (386 US 738) is deficient because it fails to analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (see People v Polk, 161 AD3d 1012, 1013; People v Deprosperis, 126 AD3d 997, 998; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256). After reciting the facts related to the defendant's pretrial suppression hearing, plea and sentence, the brief states in a conclusory fashion that no nonfrivolous issues exist (see Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the appellant (see People v Rivera, 142 AD3d 512, 513; People v Parker, 135 AD3d 966, 968; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
BALKIN, J.P., CHAMBERS, COHEN, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court