People v Rojas (2020 NY Slip Op 06293)





People v Rojas


2020 NY Slip Op 06293


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-01807 ON MOTION
 (Ind. No. 17-01272)

[*1]The People of the State of New York, respondent,
v
David Rojas, appellant.


Andrew W. Sayegh, Yonkers, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Raffaelina Gianfrancesco of counsel), for respondent (no brief filed).



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Susan M. Capeci, J.), rendered July 30, 2018, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Andrew W. Sayegh for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Bruce R. Bekritsky, 1551 Kellum Place, Mineola, NY, 11501, is assigned as counsel to perfect the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated April 11, 2019, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to file one original and five duplicate hard copies, and one digital copy, of their respective briefs, and to serve one hard copy on each other (see 22 NYCRR 1250.9[a][4]; [c][1]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must first "'satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255, quoting Penson v Ohio, 488 US 75, 83 [internal quotation marks omitted]). As this Court explained in Matter of Giovanni S., "counsel [*2]must, at a minimum, draw the Court's attention to the relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
The brief submitted by the appellant's counsel pursuant to Anders is deficient because it fails to analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (see People v McDowell, 181 AD3d 716; People v Polk, 161 AD3d 1012, 1013; People v McNair, 110 AD3d 742; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256). After reciting the facts related to the defendant's plea and sentence, the brief analyzes the same based upon a conclusory statement that the defendant's waiver of his right to appeal was valid, and that the defendant's sentence could not be challenged because the defendant was bound by a negotiated plea agreement (see People v Corley, 186 AD3d 1239; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders, we must assign new counsel to represent the appellant (see People v Rivera, 142 AD3d 512, 513; People v Parker, 135 AD3d 966, 968; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
Accordingly, assignment of new counsel is warranted (see People v Stokes, 95 NY2d 633, 638; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252).
DILLON, J.P., AUSTIN, ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court