People v Gordon (2022 NY Slip Op 00314)





People v Gordon


2022 NY Slip Op 00314


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
SHERI S. ROMAN
DEBORAH A. DOWLING, JJ.


2019-08357
2020-07201
 (Ind. No. 18-00167, S.C.I. No. 19-00301)

[*1]The People of the State of New York, respondent,
v
Winston Gordon, appellant.


Miriam E. Rocah, District Attorney, White Plains, NY (Raffaelina Gianfrancesco of counsel), for respondent.
Randall Richards, Bronxville, NY, for appellant.



DECISION & ORDER
Appeal by the defendant from two judgments of the Supreme Court, Westchester County (Barry E. Warhit, J.), both rendered May 23, 2019, convicting him of attempted criminal possession of a weapon in the second degree under Indictment No. 18-00167, and criminal possession of marihuana in the third degree under S.C.I. No. 19-00301, upon his pleas of guilty, and imposing sentences. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Randall Richards for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Loren Glassman, 185 Delhi Road, Scarsdale, New York 10583, is assigned as counsel to prosecute the appeals; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated December 13, 2019, as amended by decision and order on motion of this Court dated September 25, 2020, the appellant was granted leave to prosecute the appeals as a poor person, with the appeals to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must first "'satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" [*2](Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255 [emphasis omitted], quoting Penson v Ohio, 488 US 75, 83; see People v Murray, 169 AD3d 227). "[C]ounsel must, at a minimum, draw the Court's attention to the relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258; see People v Murray, 169 AD3d at 231-232; People v Randolph, 156 AD3d 818, 819). "Counsel cannot merely recite the underlying facts, and state a bare conclusion that, after reviewing the record and discussing the case with the client, it is the writer's opinion that there are no nonfrivolous issues to be raised on appeal" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). If assigned counsel's Anders brief is deficient in this respect, "new counsel must be assigned to perform a new appellate review" (People v Murray, 169 AD3d at 232).
Here, the brief submitted by the appellant's assigned counsel pursuant to Anders v California (386 US 738) is deficient because it fails to analyze potential legal issues with reference to the facts of the case and relevant legal authority (see People v Holley, 193 AD3d 878; People v Regalado, 192 AD3d 918; People v Adams, 192 AD3d 821; People v Persaud, 187 AD3d 1060, 1062; People v Santos, 180 AD3d 941; People v Sedita, 113 AD3d 638, 640; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256). After reciting the facts relating to the appellant's plea and sentence, the brief merely states in conclusory fashion that no nonfrivolous issues exist (see People v Santos, 180 AD3d 941; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the appellant (see People v Santos, 180 AD3d 941; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256).
CONNOLLY, J.P., HINDS-RADIX, ROMAN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court