People v Santos (2022 NY Slip Op 06501)

People v Santos

2022 NY Slip Op 06501

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2018-10140

[*1]The People of the State of New York, respondent,
v
Dave Santos, appellant. (S.C.I. No. 192/18) 

Loren I. Glassman, White Plains, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Raffaelina Gianfrancesco of counsel), for respondent (no brief filed).

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Anne E. Minihan, J., at plea; Michael E. Martinelli, J., at sentence), rendered June 27, 2018, convicting him of attempted criminal possession of a forged instrument in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Loren I. Glassman for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the new counsel assigned herein; and it is further,
ORDERED that Richard L. Herzfeld, 112 Madison Avenue, 8th Floor, New York, NY 10016, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated November 13, 2018, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must first "'satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255, quoting Penson v Ohio, 488 US 75, 83). "[C]ounsel must, at a minimum, draw the Court's attention to the relevant evidence, with specific [*2]references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
The brief submitted by the defendant's counsel pursuant to Anders v California is deficient because it fails to analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (see People v Polk, 161 AD3d 1012, 1013; People v Deprosperis, 126 AD3d 997, 998; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256). The brief also fails to recite the facts related to the defendant's plea and sentence or state that no nonfrivolous issues exist (see Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the defendant (see People v Rivera, 142 AD3d 512, 513; People v Parker, 135 AD3d 966, 968; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
BRATHWAITE NELSON, J.P., RIVERA, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court