*639 In reviewing an attorney’s motion to be relieved pursuant to Anders v California (386 US 738 [1967]), this Court must first “ ‘satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client’s appeal’ ” (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255 [2011], quoting Penson v Ohio, 488 US 75, 83 [1988]). As this Court explained in Matter of Giovanni S., “counsel must, at a minimum, draw the Court’s attention to the relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority” (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
Here, the Anders brief filed by defense counsel, on the defendant’s appeal from a judgment of conviction rendered upon a plea of guilty, is deficient. First, the statement of facts, which is one and one-half pages long, does not sufficiently describe the plea allocution. In particular, it does not review, in any detail, the court’s advisements to the defendant regarding the rights he was waiving, the inquiries made of the defendant to ensure that his plea was knowing and voluntary, or the defendant’s responses to any of those advisements and inquiries. Nor does the brief provide any detail regarding the defendant’s factual admissions as to the crime charged.
In addition, the brief fails to “identify possible issues for ap *640 peal, with reference to the facts of the case and relevant legal authority” (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). In this respect, the brief merely states, in conclusory fashion, that the defendant entered a voluntary plea of guilty and quotes the colloquy regarding the defendant’s waiver of his right to appeal. The brief does not discuss the basis, with reference to the facts of the case and legal authority, of defense counsel’s conclusion that the plea was entered knowingly and voluntarily, an issue that survives a valid appeal waiver (see People v Seaberg, 74 NY2d 1, 10 [1989]). Further, to the extent that the quoting of the colloquy regarding the appeal waiver is meant as an assertion that the defendant validly waived his right to appeal, there is no analysis as to the validity of the waiver with citation to legal authority.
Inasmuch as the brief does not demonstrate that assigned counsel has acted “as an active advocate on behalf of his . . . client” (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256 [internal quotation marks omitted]) or that he has diligently examined the record, we must assign new counsel to represent the appellant (see People v Singleton, 101 AD3d 909, 910 [2012]; People v Ovalle, 99 AD3d 1023, 1024 [2012]; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). Skelos, J.P., Dickerson, Lott and Austin, JJ., concur.