■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY GHEE, Appellant. [987 NYS2d 859]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mondo, J.), rendered March 7, 2013, convicting him of criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which she moves for leave to withdraw as counsel for the appellant.

Ordered that the judgment is affirmed.

We are satisfied with the sufficiency of the brief filed by the defendant's assigned counsel pursuant to *Anders v California* (386 US 738 [1967]), and, upon an independent review of the record, we conclude that there are no nonfrivolous issues which could be raised on the appeal. Counsel's application for leave to withdraw as counsel is, therefore, granted (*see Anders v California*, 386 US 738 [1967]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]; *cf. People v Sedita*, 113 AD3d 638 [2014]). Mastro, J.P., Hall, Lott, Austin and Duffy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAUAN GRIFFITH, Appellant. [987 NYS2d 854]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Buchter, J.), imposed March 17, 2009, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's purported waiver of his right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257, 267 [2011]; *People v Lopez*, 6 NY3d 248, 257 [2006]; *People v DeSimone*, 80 NY2d 273, 283 [1992]) and, thus, does not preclude review of his excessive sentence claim. However, contrary to the defendant's contention, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Dillon, Austin, Sgroi and Maltese, JJ., concur.