■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PENDELTON, Appellant. [994 NYS2d 868]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered October 18, 2013, convicting him of failing to register under Correction Law § 168-t, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Robert C. Mitchell for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Matthew Muraskin, Esq., 646 Main Street, Port Jefferson, N.Y. 11777, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's counsel pursuant to *Anders v California* (386 US 738 [1967]) is deficient because it does not contain an adequate statement of facts and fails to analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (*see People v McNair*, 110 AD3d 742 [2013]; *People v Singleton*, 101 AD3d 909, 910 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]). The statement of facts does not review, in any detail, the County Court's advisements to the defendant regarding the rights he was waiving, the inquiries made of the defend-

ant to ensure that the plea was knowing and voluntary, or the defendant's responses to any of those advisements and inquiries (*see People v Sedita*, 113 AD3d 638, 639-640 [2014]). Similarly, the statement of facts does not provide any detail regarding the defendant's factual admission as to the crime charged (*see id.*). Moreover, although assigned counsel concludes that the defendant's plea of guilty was voluntary, he does not discuss the basis of this conclusion, and makes no references to the facts of the case or to legal authority in his analysis (*see id.*). Since the brief does not demonstrate that assigned counsel has fulfilled his obligations under *Anders v California*, we must assign new counsel to represent the appellant (*see People v McNair*, 110 AD3d 742 [2013]; *People v Singleton*, 101 AD3d at 910; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258). Mastro, J.P., Chambers, Cohen and Barros, JJ., concur.