Appeal by the defendant from a judgment of the County Court, Westchester County (Blackwood, J.), rendered July 12, 2016, convicting him of possession of burglar’s tools and criminal mischief in the fourth degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the defendant.
 

 Ordered that the motion of George M. Groglio for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
 

 Ordered that Bennet Goodman, Esq., 1428 Midland Avenue, Suite 6, Bronxville, NY, 10708, is assigned as counsel to prosecute the appeal; and it is further,
 

 Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant’s new assigned counsel; and it is further,
 

 Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated January 10, 2017, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.
 

 The brief submitted by the appellant’s counsel pursuant to Anders v California (386 US 738 [1967]) is deficient because it fails to contain an adequate statement of facts and fails to analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (see People v Deprosperis, 126 AD3d 997, 998 [2015]; People v Donovan, 124 AD3d 793, 794 [2015]; People v McNair, 110 AD3d 742 [2013]; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 256 [2011]). The statement of facts does not review, in any detail, the court’s advisements to the defendant regarding the rights he was waiving, the inquiries made of the defendant to ensure that the plea was knowingly and voluntarily entered, or the defendant’s responses to any of those advisements and inquiries (see People v Deprosperis, 126 AD3d at 998; People v Donovan, 124 AD3d at 794; People v Sedita, 113 AD3d 638, 639-640 [2014]). In addition, it does not provide any detail regarding the defendant’s factual admission as to the crime charged or the colloquy regarding the defendant’s purported waiver of his right to appeal (see People v Ferretti, 148 AD3d 720, 721 [2017]; People v Swenson, 130 AD3d 848, 849 [2015]; People v Sedita, 113 AD3d at 639-640). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the appellant (see People v Rivera, 142 AD3d 512, 513 [2016]; People v Parker, 135 AD3d 966, 968 [2016]; People v Sedita, 113 AD3d at 639-640; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
 

 Mastro, J.P., Hall, Cohen and Iannacci, JJ., concur.