Appeals by the defendant from two judgments of the County Court, Suffolk County (Toomey, J.), both rendered September 28, 2016, convicting him of driving while intoxicated, as a felony, in violation of Vehicle and Traffic Law § 1192 (3), under indictment No. 1043/16, and criminal possession of a forged instrument in the third degree, under superior court information No. 1517/16, upon his pleas of guilty, and imposing sentences. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), in which she moves for leave to withdraw as counsel for the appellant.
 

 Ordered that the motion of Laurette D. Mulry for leave to withdraw as counsel for the appellant is granted, and she is directed to turn over all papers in her possession to the appellant’s new counsel assigned herein; and it is further,
 

 Ordered that Del Atwell, 39 5th St., East Hampton, NY, 11937, is assigned as counsel to prosecute the appeals; and it is further,
 

 Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant’s new assigned counsel; and it is further,
 

 Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By two prior decisions and orders on motion of this Court, both dated December 5, 2016, the appellant was granted leave to prosecute the appeals as a poor person, with the appeals to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.
 

 In reviewing an attorney’s motion to be relieved pursuant to Anders v California (386 US 738 [1967]), this Court must first “ ‘satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client’s appeal’ ” (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255 [2011], quoting Penson v Ohio, 488 US 75, 83 [1988]). As this Court explained in Matter of Giovanni S. [Jasmin A.], “counsel must, at a minimum, draw the Court’s attention to the relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority” (id. at 258).
 

 Here, the brief submitted by the appellant’s counsel pursuant to Anders v California is deficient because it fails to analyze potential appellate issues with reference to relevant legal authority or highlight facts in the record that might arguably support the appeals (see People v Rivera, 142 AD3d 512 [2016]; People v Parker, 135 AD3d 966, 968 [2016]; People v McNair, 110 AD3d 742, 743 [2013]; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256). In this respect, the brief merely states, in conclusory fashion, that the appellant “voluntarily, knowingly and intelligently entered guilty pleas.” The brief does not discuss the basis, with reference to the facts of the cases and legal authority, of counsel’s conclusion that the pleas were entered knowingly and voluntarily (see People v Sedita, 113 AD3d 638, 640 [2014]).
 

 Since the brief does not demonstrate that assigned counsel fulfilled her obligations under Anders v California, we must assign new counsel to represent the appellant (see People v Sedita, 113 AD3d at 640; People v McNair, 110 AD3d at 743; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
 

 Dillon, J.P., Sgroi, Maltese, Barros and Christopher, JJ., concur.