People v Cortez (2018 NY Slip Op 02643)





People v Cortez


2018 NY Slip Op 02643


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-02563
 (Ind. No. 913-16)

[*1]The People of the State of New York, respondent,
v
Carlos Cortez, appellant.


Laurette D. Mulry, Riverhead, NY (Alfred J. Cicale of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John J. Toomey, J.), rendered February 7, 2017, convicting him of driving while intoxicated as a felony and aggravated unlicensed operation of a motor vehicle in the first degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which she moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Laurette D. Mulry for leave to withdraw as counsel is granted, and she is directed to turn over all papers in her possession to new counsel assigned herein; and it is further,
ORDERED that Mark Diamond, P.O. Box 287356 - Yorkville Station, New York, NY, 10128, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated April 17, 2017, the appellant was granted leave to prosecute the [*2]appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must first " satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255, quoting Penson v Ohio, 488 US 75, 83). As this Court explained in Matter of Giovanni S. (Jasmin A.), "counsel must, at a minimum, draw the Court's attention to the relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (id. at 258).
Here, the brief submitted by the appellant's counsel pursuant to Anders v California (386 US 738) is deficient because it fails to analyze potential appellate issues with reference to the relevant legal authority or highlight facts in the record that might arguably support the appeal (see People v Deprosperis, 126 AD3d 997, 998; People v Sedita, 113 AD3d 638, 639-640; People v McNair, 110 AD3d 742, 743; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256). Further, the brief fails to contain an adequate statement of facts, as it does not review, in any detail, the County Court's advisements to the appellant regarding the rights he was waiving, the inquiries made of the appellant to ensure that the plea was entered knowingly, voluntarily, and intelligently, or the appellant's responses to any of those advisements and inquiries (see People v Swensen, 116 AD3d 1073; People v Sedita, 113 AD3d at 640). Additionally, the brief fails to provide any detail regarding the appellant's factual admissions as to the crimes charged (see People v Swensen, 116 AD3d at 1074; People v Sedita, 113 AD3d at 640). Since the brief does not demonstrate that assigned counsel has fulfilled her obligations under Anders v California (386 US 738), we must assign new counsel to represent the appellant (see People v Deprosperis, 126 AD3d at 998; People v Swensen, 116 AD3d at 1074; People v Sedita, 113 AD3d at 640; People v McNair, 110 AD3d at 743; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
DILLON, J.P., SGROI, HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court