People v Campbell (2020 NY Slip Op 02629)





People v Campbell


2020 NY Slip Op 02629


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2016-07564 ON MOTION
2016-07565 (Ind. Nos. 1106/14, 1178/14)

[*1]The People of the State of New York, respondent,
v
Malachi Campbell, appellant.


Thomas J. Butler, Melville, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Autumn S. Hughes of counsel; Casey Gingrich on the brief), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Nassau County (Teresa K. Corrigan, J.), both rendered June 21, 2016, convicting him of course of sexual conduct against a child in the first degree under Indictment No. 1106/14, and criminal possession of a weapon in the second degree under Indictment No. 1178/14, upon his pleas of guilty, and imposing sentences. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Thomas J. Butler for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Jillian S. Harrington, P.O. Box 131621, Staten Island, NY 10313, is assigned as counsel to prosecute the appeals; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's newly assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated October 18, 2016, the appellant was granted leave to prosecute the appeals as a poor person, with the appeals to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to file one original and five duplicate hard copies, and one digital copy, of their respective briefs, and to serve one hard copy on each other (see 22 NYCRR 1250.9[a][4]; [c][1]).
An attorney's motion to be relieved pursuant to Anders v California (386 US 738), should be accompanied by a brief " reciting the underlying facts and highlighting anything in the record that might arguably support the appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, [*2]256, quoting People v Saunders, 52 AD2d 833, 833). As this Court has explained, "counsel must, at a minimum, draw the Court's attention to the relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
Here, the brief submitted by the appellant's counsel pursuant to Anders v California is deficient because it fails to adequately analyze the issue of whether the appellant's pleas of guilty were entered knowingly, intelligently, and voluntarily (see People v Robinson, 175 AD3d 719, 721). The brief does not discuss the basis, with reference to the facts of the case and legal authority, of assigned counsel's conclusion that the pleas of guilty were entered knowingly and voluntarily (see People v Randolph, 156 AD3d 818, 819-820; People v Sedita, 113 AD3d 638, 640). In addition, the brief fails to provide any details regarding the appellant's factual admissions as to the crimes charged (see People v Delarosa, 162 AD3d 787, 789; People v Pannettiere, 114 AD3d 882, 883), and does not reference any facts relating to the suppression hearing or analyze whether any potential issues arose from that hearing (see People v Johnson, 126 AD3d 916, 917). Since the brief does not demonstrate that assigned counsel fulfilled his obligation under Anders v California, we must assign new counsel to represent the appellant (see People v Swenson, 130 AD3d 848, 850; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
SCHEINKMAN, P.J., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court