People v St. Louis (2020 NY Slip Op 04789)





People v Louis


2020 NY Slip Op 04789


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2018-09332
 (Ind. No. 396/16)

[*1]The People of the State of New York, respondent,
v
Hervil St. Louis, appellant.


Joseph A. Hanshe, Sayville, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (William J. Condon, J.), rendered May 3, 2018, convicting him of attempted operating as a major trafficker, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Joseph A. Hanshe for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Steven A. Feldman, 1129 Northern Blvd., #404, Manhasset, NY, 11030, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated October 19, 2018, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to file one original and five duplicate hard copies, and one digital copy, of their respective briefs, and to serve one hard copy on each other (see 22 NYCRR 1250.9[a][4]; [c][1]).
An attorney's motion to be relieved pursuant to Anders v California (386 US 738) should be accompanied by a brief " reciting the underlying facts and highlighting anything in the record that might arguably support the appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255, quoting People v Saunders, 52 AD2d 833, 833). As this Court has explained, "counsel must, at a minimum, draw the Court's attention to the relevant evidence, with specific references to the [*2]record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). "Counsel cannot merely recite the underlying facts, and state a bare conclusion that, after reviewing the record . . . , it is the writer's opinion that there are no nonfrivolous issues to be raised on appeal" (id.).
Here, the brief submitted by the appellant's counsel pursuant to Anders v California is deficient because it fails to identify or evaluate any potential appellate issues, including, but not necessarily limited to, whether the defendant's plea of guilty was entered knowingly, intelligently, and voluntarily (see People v Robinson, 175 AD3d 719, 721; People v Wilson, 161 AD3d 785, 786; People v Randolph, 156 AD3d 818, 819-820; People v Sedita, 113 AD3d 638, 640). Since the brief does not demonstrate that assigned counsel fulfilled his obligation under Anders v California, we must assign new counsel to represent the appellant (see People v Campbell, 183 AD3d 599; People v Swenson, 130 AD3d 848, 850; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court