People v Sofo (2020 NY Slip Op 04788)





People v Sofo


2020 NY Slip Op 04788


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-08672

[*1]The People of the State of New York, respondent,
v
Frank Sofo, appellant. (S.C.I. No. 15-00575)


George M. Groglio, Port Chester, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Raffaelina Gianfrancesco of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an amended judgment of the Supreme Court, Westchester County (Susan Cacace, J.), rendered May 22, 2018, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated conditions thereof, upon his admission, and imposing a sentence of imprisonment upon his previous convictions of promoting an obscene sexual performance by a child and possessing an obscene sexual performance by a child. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of George M. Groglio for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Anthony J. Messina, 282 Katonah Avenue, #156, Katonah, NY 10536, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated October 19, 2018, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to file one original and five duplicate hard copies, and one digital copy, of their respective briefs, and to serve one hard copy on each other (see 22 NYCRR 1250.9[a][4]; [c][1]).
An attorney's motion to be relieved pursuant to Anders v California (386 US 738), should be accompanied by a brief " reciting the underlying facts and highlighting anything in the record that might arguably support the appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 256, quoting People v Saunders, 52 AD2d 833). As this Court has explained, "counsel must, at a [*2]minimum, draw the Court's attention to the relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). "Counsel cannot merely recite the underlying facts, and state a bare conclusion that, after reviewing the record and discussing the case with the client, it is the writer's opinion that there are no nonfrivolous issues to be raised on appeal" (id.).
The brief submitted by the appellant's counsel pursuant to Anders v California (386 US 738), is deficient because it fails to analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (see People v Santos, 180 AD3d 941, 942; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256). After reciting the facts related to the revocation of probation and the imposition of a sentence of imprisonment, the brief states in a conclusory fashion that no nonfrivolous issues exist (see People v Santos, 180 AD3d at 942; People v James, 158 AD3d 820, 822; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). Since the brief does not demonstrate that assigned counsel fulfilled his obligation under Anders v California, we must assign new counsel to represent the appellant (see People v Rivera, 142 AD3d 512, 512-513; People v Parker, 135 AD3d 966, 968; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
AUSTIN, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court