People v Patterson (2020 NY Slip Op 06290)





People v Patterson


2020 NY Slip Op 06290


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-06405 ON MOTION
 (Ind. No. 18-00426)

[*1]The People of the State of New York, respondent,
v
Franiqua Patterson, appellant.


Thomas R. Villecco, Jericho, NY, for appellant.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered January 31, 2019, convicting her of sex trafficking (two counts), upon her plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Thomas R. Villecco for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Geoffrey E. Chanin, 4 Hampton Road, Goshen, NY 10924, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated November 15, 2019, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to file one original and five duplicate hard copies, and one digital copy, of their respective briefs, and to serve one hard copy on each other (see 22 NYCRR 1250.9[a][4]; [c][1]).
The brief submitted by the defendant's assigned counsel pursuant to Anders v California (386 US 738) is deficient in that it fails to analyze potential appellate issues, with reference to the facts of the case and relevant legal authority. Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the defendant (see Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 258).
Moreover, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the County Court erred [*2]in imposing a period of postrelease supervision that was longer than the one promised at the plea proceeding (see People v Churby, 264 AD2d 852), whether the purported waiver of the defendant's right to appeal is valid (see People v Thomas, 34 NY3d 545; People v Corley, 186 AD3d 1239; People v Dubose, 184 AD3d 584; People v Paulin, 181 AD3d 824), and whether the sentence imposed was excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court