People v Regalado (2021 NY Slip Op 08254)





People v Regalado


2021 NY Slip Op 08254


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2020-00354 ON MOTION
 (Ind. No. 344/19)

[*1]The People of the State of New York, respondent,
v
Frederik Francisco Espinal Regalado, appellant.


Bruce R. Bekritsky, Mineola, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Jared A. Chester of counsel; Matthew C. Frankel on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert G. Bogle, J.), rendered June 27, 2019, convicting him of grand larceny in the third degree (three counts), upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Bruce R. Bekritsky for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Richard M. Langone, 600 Old Country Road, Suite 328, Garden City, NY, 11530, is assigned as counsel to perfect the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated April 13, 2020, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to file one original and five duplicate hard copies, and one digital copy, of their respective briefs, and to serve one hard copy on each other (see 22 NYCRR 1250.9[a][4]; [c][1]).
An attorney's motion to be relieved pursuant to Anders v California (386 US 738) should be accompanied by a brief "'reciting the underlying facts and highlighting anything in the record that might arguably support the appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 256, quoting People v Saunders, 52 AD2d 833, 833). As this Court has explained, "counsel must, at a minimum, draw the Court's attention to the relevant evidence, with specific references to the [*2]record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). "Counsel cannot merely recite the underlying facts, and state a bare conclusion that, after reviewing the record and discussing the case with the client, it is the writer's opinion that there are no nonfrivolous issues to be raised on appeal" (id.).
The brief submitted by the appellant's counsel pursuant to Anders is deficient because it fails to analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (see People v Santos, 180 AD3d 941, 942; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256). After reciting information contained in the plea and sentencing transcripts, the brief states in a conclusory fashion that counsel sees no appellate issues in the record that might arguably support an appeal (see People v Sofo, 186 AD3d 873, 875; People v Santos, 180 AD3d at 942; People v James, 158 AD3d 820, 822; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). Since the brief does not demonstrate that assigned counsel fulfilled his obligation under Anders, we must assign new counsel to represent the appellant (see People v Rivera, 142 AD3d 512, 512-513; People v Parker, 135 AD3d 966, 968; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court