People v Campbell (2021 NY Slip Op 06367)





People v Campbell


2021 NY Slip Op 06367


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
DEBORAH A. DOWLING, JJ.


2019-10461 ON MOTION
2019-10463
 (Ind. No. 19-00323, S.C.I. No. 19-00579)

[*1]The People of the State of New York, respondent,
v
Rasheed Campbell, appellant.


John De Chiaro, Larchmont, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Raffaelina Gianfrancesco of counsel), for respondent (no brief filed).



DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Westchester County (George E. Fufidio, Jr., J.), both rendered July 23, 2019, convicting him of criminal possession of stolen property in the third degree and assault in the second degree under Indictment No. 19-00323, and criminal possession of stolen property in the third degree under Superior Court Information No. 19-00579, upon his pleas of guilty, and imposing sentences. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of John De Chiaro for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Jason M. Bernheimer, 400 Columbus Avenue, Suite 100S, Valhalla, NY 10595, is assigned as counsel to prosecute the appeals; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated November 20, 2019, the appellant was granted leave to prosecute the appeals as a poor person, with the appeals to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
In reviewing an attorney's motion for leave to withdraw as counsel pursuant to Anders v California (386 US 738), this Court must first "'satisfy itself that the attorney has provided the [*2]client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255, quoting Penson v Ohio, 488 US 75, 83 [internal quotation marks omitted]). As this Court explained in Matter of Giovanni S. (Jasmin A.) (89 AD3d at 258), "counsel must, at a minimum, draw the Court's attention to the relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority."
Here, the brief submitted by the appellant's counsel pursuant to Anders v California is deficient because it fails to analyze potential appellate issues with reference to the facts of the case (see People v Patterson, 188 AD3d 723; People v St. Louis, 186 AD3d 875, 876). The brief does not review either the plea colloquy or the colloquy regarding the appellant's waiver of the right to appeal in any detail, including the County Court's advisements to the appellant regarding the rights he was waiving or the inquiries made of the appellant to ensure that the pleas were entered knowingly, voluntarily, and intelligently, or the appellant's responses to any of those advisements and inquiries (see People v Rodriguez, 186 AD3d 749, 750; People v Campbell, 183 AD3d 599; People v Delarosa, 162 AD3d 787, 789; People v Johnson, 126 AD3d 916, 917; People v Sedita, 113 AD3d 638, 639). In addition, the brief fails to provide any details regarding the appellant's factual admissions to support his convictions (see People v Campbell, 183 AD3d 599; People v Johnson, 126 AD3d at 917).
Moreover, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the County Court improperly imposed restitution (see People v Hubbard, 99 AD3d 942; People v Poznanski, 97 AD3d 701, 702; People v Ortega, 61 AD3d 705, 706). Accordingly, we must assign new counsel to represent the appellant (see People v Lugo, 159 AD3d 835, 836; People v Legette, 125 AD3d 686).
DILLON, J.P., MILLER, CONNOLLY, IANNACCI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court