People v White (2022 NY Slip Op 04981)

People v White

2022 NY Slip Op 04981

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-03966 ON MOTION
 (Ind. No. 562/18)

[*1]The People of the State of New York, respondent,
v
Justin White, appellant.

Alex Smith, Middletown, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Edward D. Saslaw of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered March 5, 2020, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Alex Smith for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Kenyon C. Trachte, 372 Fullerton Ave., Mailbox #19, Newburgh, New York 12550, is assigned as new counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated October 28, 2020, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
The brief submitted by the appellant's assigned counsel pursuant to Anders v California (386 US 738) is deficient because it fails to adequately analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (see People v Polk, 161 AD3d 1012; People v James, 158 AD3d 820; People v Adams, 154 AD3d 869; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 256-258). Contrary to assigned counsel's contention, his obligation to [*2]submit an adequate Anders brief (see Penson v Ohio, 488 US 75, 81-82; People v Stokes, 95 NY2d 633) and his obligation to refrain from disparaging or undermining claims the defendant wishes to pursue on appeal (see People v Vasquez, 70 NY2d 1) do not conflict with each other (see McCoy v Court of Appeals of Wis., Dist. 1, 486 US 429, 440-444).
Moreover, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the sentence imposed was excessive. Assigned counsel appears to suggest that an excessive sentence claim would be frivolous because the defendant's prison sentence, which was twice the statutory minimum (see Penal Law § 70.02[3][a]), was negotiated. This Court, however, has the authority to reduce a negotiated sentence in appropriate cases (see People v Thompson, 60 NY2d 513; People v Brown, 122 AD3d 133, 146). Whether the defendant would ultimately prevail on an excessive sentence claim is irrelevant at this stage. "Appeals that present issues that may be arguable on their merits—even if weakly or marginally so—must be perfected to fulfill the defendant's right to receive, and the attorney's obligation to provide, zealous representation" (People v Murray, 169 AD3d 227, 231). Since the defendant in this case has a nonfrivolous claim that the sentence imposed was excessive, new counsel must be appointed to represent him, so that issue, along with any other issues new counsel deems viable, can be reviewed by this Court (see Penson v Ohio, 488 US at 83-85).
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court