People v Martinez (2024 NY Slip Op 05224)

People v Martinez

2024 NY Slip Op 05224

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LILLIAN WAN, JJ.

2021-08735
 (Ind. No. 264/21)

[*1]The People of the State of New York, respondent,
v
Juan E. Martinez, appellant.

Thomas J. Butler, Melville, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Thomas C. Costello of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Chris Ann Kelley, J.), rendered October 21, 2021, convicting him of course of sexual conduct against a child in the first degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Thomas J. Butler for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the new counsel assigned herein; and it is further,
ORDERED that Charles Von Schmidt, 9100 Republic Airport, Hanger Three, Farmingdale, NY, 11735, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated January 26, 2022, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
An attorney's motion to be relieved pursuant to Anders v California (386 US 738), should be accompanied by a brief "'reciting the underlying facts and highlighting anything in the record that might arguably support the appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 256, quoting People v Saunders, 52 AD2d 833, 833; see People v Regalado, 192 AD3d 918, 919). As this Court has explained, "counsel must, at a minimum, draw the Court's attention to the relevant evidence, with specific references to the record; identify and assess the efficacy of any significant [*2]objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). "Counsel cannot merely recite the underlying facts, and state a bare conclusion that, after reviewing the record and discussing the case with the client, it is the writer's opinion that there are no nonfrivolous issues to be raised on appeal" (id.).
Here, the brief submitted by the appellant's counsel pursuant to Anders v California is deficient because it fails to identify or evaluate any potential appellate issues, including, but not necessarily limited to, whether the defendant's plea of guilty was entered knowingly, intelligently, and voluntarily (see People v St. Louis, 186 AD3d 875, 876; People v Campbell, 183 AD3d 599; People v Robinson, 175 AD3d 719, 721). The brief fails to adequately analyze potential appellate issues or highlight facts in the record that might arguably support the appeal. Counsel merely recites the underlying facts and states a bare conclusion that there are no nonfrivolous issues to be raised on appeal (see People v Adams, 192 AD3d 821, 822; People v Rojas, 188 AD3d 726; People v Sofo, 186 AD3d 873, 875).
Since the brief does not demonstrate that assigned counsel fulfilled his obligation under Anders v California, we must assign new counsel to represent the appellant (see People v Adams, 192 AD3d at 822; People v Rojas, 188 AD3d at 726; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
CONNOLLY, J.P., CHAMBERS, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court