People v Mendez-Saldivar (2025 NY Slip Op 00465)

People v Mendez-Saldivar

2025 NY Slip Op 00465

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LARA J. GENOVESI
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2021-00475 ON MOTION

[*1]The People of the State of New York, respondent, 
v
Refugio Mendez-Saldivar, appellant. Thomas J. Butler, Melville, NY, for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Thomas C. Costello of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Chris Ann Kelley, J.), dated December 8, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Thomas J. Butler for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Steven A. Feldman, 1129 Northern Blvd., Suite 404, Manhasset, NY 11030, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. The appellant was granted a waiver of costs, fees, and expenses and the assignment of counsel in the County Court, Suffolk County, and pursuant to Correction Law § 168-n(3), his status as a party with insufficient means to pay costs, fees, and expenses continues on appeal. By prior decision and order on motion of this Court dated September 8, 2021, it was ordered that the appeal would be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must first "'satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255, quoting Penson v Ohio, 488 US 75, 83 [emphasis omitted]). As this Court has explained, "counsel must, at a minimum, draw the Court's [*2]attention to the relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (id. at 258). "Counsel cannot merely recite the underlying facts, and state a bare conclusion that, after reviewing the record and discussing the case with the client, it is the writer's opinion that there are no nonfrivolous issues to be raised on appeal" (id.). "The filing of a sufficient Anders brief is essential to ensuring that an indigent party's rights are protected" (id. at 256). "[W]here counsel has failed in his or her role as advocate by filing a deficient brief, on this basis alone, new counsel will be assigned to represent the appellant on the appeal" (id. at 258; see People v Singh, 210 AD3d 1017, 1018).
Here, the brief submitted by assigned counsel pursuant to Anders v California (386 US 738) is deficient because it fails to analyze potential legal issues with reference to the facts of the case and relevant legal authority (see People v Holley, 193 AD3d 878; People v Regalado, 192 AD3d 918; People v Adams, 192 AD3d 821; People v Persaud, 187 AD3d 1060, 1062; People v Santos, 180 AD3d 941; People v Sedita, 113 AD3d 638, 640; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256). The analysis does little more than assert the conclusory opinion of assigned counsel that there are no nonfrivolous issues to raise on appeal (see People v Santos, 180 AD3d 941; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the defendant (see People v Chicas, 203 AD3d 1064, 1066; People v Giglio, 202 AD3d 820, 821).
LASALLE, P.J., GENOVESI, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court