People v Collins (2025 NY Slip Op 03815)

People v Collins

2025 NY Slip Op 03815

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-09174

[*1]The People of the State of New York, respondent,
v
John Collins, appellant. (S.C.I. No. 71141/22)

Gary E. Eisenberg, New City, NY, for appellant.
Susan Cacace, District Attorney, White Plains, NY (Raffaelina Gianfrancesco of counsel), for respondent (no brief filed).

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Alexandra E. Murphy, J.), rendered October 4, 2022, convicting him of aggravated driving while intoxicated, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Gary E. Eisenberg for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Adam Seiden, 9 West Prospect Avenue, Suite 403, Mt. Vernon, NY 10550, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated February 3, 2023, the appellant was granted a waiver of costs, fees, and expenses and the assignment of counsel, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must first "'satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255, quoting Penson v Ohio, 488 US 75, 83; see People v Murray, 169 AD3d 227). "[C]ounsel must, at a minimum, draw the Court's attention to [*2]the relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258; see People v Murray, 169 AD3d at 231-232; People v Randolph, 156 AD3d 818, 819). "Counsel cannot merely recite the underlying facts, and state a bare conclusion that, after reviewing the record and discussing the case with the client, it is the writer's opinion that there are no nonfrivolous issues to be raised on appeal" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). If assigned counsel's Anders brief is deficient in this respect, "new counsel must be assigned to perform a new appellate review" (People v Murray, 169 AD3d at 232).
The brief submitted by assigned counsel pursuant to Anders v California is deficient because it fails to analyze potential legal issues with reference to the facts of the case and relevant legal authority (see People v Sedita, 113 AD3d 638, 640; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256). After reciting the facts relating to the defendant's plea and sentence, the brief merely states in conclusory fashion that the defendant's plea of guilty and the waiver of the right to appeal are valid and that no nonfrivolous issues exist. The brief does not discuss the basis, with reference to relevant legal authority, of assigned counsel's conclusions (see People v Sedita, 113 AD3d at 640; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the defendant (see People v Santos, 180 AD3d 941, 942; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256).
IANNACCI, J.P., CHAMBERS, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court